**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52724/52725/52726/52727**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 27, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL DEAN PULIDO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

In these consolidated appeals, Michael Dean Pulido pled guilty to possession of a controlled substance in Docket No. 52724. Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. Prior to sentencing, Pulido pled guilty to possession of a controlled substance in Docket No. 52725, I.C. § 37-2732(c)(1). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed underlying concurrent sentences of five years with two years determinate in Docket No. 52724 and seven years with two years determinate in Docket No. 52725 and retained jurisdiction in both cases. Following the period of retained jurisdiction, Pulido was placed on probation for a period of five years.

1

Subsequently, Pulido admitted to violating his probation and pled guilty to possession of a controlled substance in Docket No. 52726, I.C. § 37-2732(c)(1). In exchange for his guilty plea, an additional charge and a sentencing enhancement allegation were dismissed. The district court imposed an underlying sentence of seven years with three years determinate to run consecutively to the sentences in Docket Nos. 52724 and 52725, suspended the sentence, and placed Pulido on probation for a period of five years. The district court continued the probation in Docket Nos. 52724 and 52725.

Several months later, Pulido again admitted to violating his probation and the district court continued his probation. Thereafter, in Docket No. 52727 Pulido pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed, including a sentence enhancement allegation. The district court imposed a sentence of seven years with three years determinate to run concurrently with the sentence in Docket No. 52726. Pulido admitted to violating his probation in the other cases and the district court consequently revoked the probation in each case.

Pulido filed Idaho Criminal Rule 35 motions in all four cases asking the district court to retain jurisdiction. The district court denied the motions. Mindful that his Rule 35 motions were untimely in Docket Nos. 52724, 52725, and 52726, and mindful that I.C.R. 35(b) does not permit the relief he requested in all four cases, Pulido argues the district court abused its discretion by denying his I.C.R. 35 motions.

A motion for reduction of sentence under I.C.R. 35(b) requesting leniency following the revocation of probation must be filed within fourteen days of the order revoking probation and must be supported by new or additional information. Because Pulido concedes his Rule 35 motions were untimely and that he was not entitled to the relief requested, he has failed to show error. Therefore, the district court's orders denying Pulido's I.C.R. 35 motions are affirmed.